UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COREY LEMARBE,

        Plaintiff,

v.

VILLAGE OF MILFORD,

        Defendant.
_____/

Case No. 2:19-cv-12992
District Judge David M. Lawson
Magistrate Judge Anthony P. Patti

## ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF A PROTECTIVE ORDER (ECF No. 29)

This matter came before the Court for consideration of Plaintiff's motion for entry of a protective order (ECF No. 29) and Defendant's response in opposition (ECF No. 35). Judge Lawson referred this motion to me for a hearing and determination. (ECF No. 32.) As a result of the COVID-19 pandemic, a hearing via Zoom technology was held on January 20, 2021, at which counsel appeared and the Court entertained oral argument regarding the motion.

Upon consideration of the motion papers and oral argument, and for all of the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Plaintiff's motion for entry of a protective order (ECF No. 29) is **DENIED.** The Court finds that Defendant's request for information from Plaintiff's current employer, Oakland County, is not unduly

burdensome, and Plaintiff's fears regarding the request are grounded in speculation. The Court rejects the implication that Plaintiff's Oakland County governmental employer would not otherwise ascertain the fact that he has sued his former employer, as this case has been a matter of public record since the day it was filed and may be discussed freely by anyone who happens to have knowledge of its existence, and also rejects the conjecture that Oakland County would take retaliatory action against him for filing this suit, in violation of the law. Plaintiff could and should have anticipated that his employers, including his current employer, would likely be subpoenaed for employment records in light of the claims he has made in this lawsuit, particularly where workplace behavior, disability accommodation, wages, benefits and credibility are all at issue. Further, the information sought is within the scope of discovery in accordance with Fed. R. Civ. P. 26(b)(1), as it is both relevant to the claims and defenses asserted – as explained at length on the record – and nonprivileged; it is most sensible for the records to be requested from Oakland County directly for purposes of verification, completeness and authentication. Finally, the Court finds persuasive the cases cited by Defendant in its response brief, which hold that personnel records are generally discoverable in employment lawsuits. *See, e.g., Stewart v. Orion Fed. Credit Union*, 285 F.R.D. 395, 399 (W.D. Tenn. 2012). Plaintiff has failed to

effectively refute this case law and has not otherwise met his burden of establishing entitlement to a protective order under Fed. R. Civ. P. 26(c).

The Court awards no costs, finding that such an award would be unjust where Plaintiff raised good faith arguments in support of his substantially justified motion and that required the Court's scrutiny. Fed. R. Civ. P. 26(c)(3) & 37(a)(5)(B).[1]

**IT IS SO ORDERED.**

Dated: January 20, 2021

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).