UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN MICHIGAN

CORY LEMARBE,

    Plaintiff,

vs.

VILLAGE OF MILFORD,

    Defendant.

Case No.: 2:19-cv-12992
Hon. David M. Lawson
Mag. Judge Anthony P. Patti

| | |
|---|---|
| Scott P. Batey (P54711)<br>Batey Law Firm, PLLC<br>Attorneys for Plaintiff<br>30200 Telegraph, Suite 400<br>Bingham Farms, MI  48025<br>(248) 540-6800/(248) 540-6814 (fax)<br>sbatey@bateylaw.com<br>rfowler@bateylaw.com<br>Attorneys for Plaintiff | Lauri B. Stewart (P55014)<br>Kerr, Russell and Weber, PLC<br>500 Woodward, Suite 2500<br>Detroit, MI 48226<br>(313) 961-0200<br>lstewart@kerr-russell.com<br>Attorneys for Defendant |

## DEFENDANTS' MOTION IN LIMINE TO ALLOW DEFENDANT TO USE SURVEILLANCE EVIDENCE FOR IMPEACHMENT PURPOSES

**NOW COMES** the Defendant **THE VILLAGE OF MILFORD**, by and through its attorneys, **KERR, RUSSELL AND WEBER, PLC**, and for their Motion in Limine to Allow Defendant to Use Surveillance Evidence for Impeachment Purposes without Having to Produce Such Evidence to Plaintiff in Advance of Trial. In support thereof, Defendant states as follows:

1.    This is an action alleging retaliation and discrimination in violation of the Americans with Disabilities Act and the Michigan Persons with Disabilities Act.

2. One of the issues for determination in this case is whether Plaintiff's condition of essential tremors qualifies as a disability.

3. It is anticipated that Plaintiff will testify regarding the alleged limitations caused by his condition to establish that it does, in fact, qualify as a disability.

4. Defendant recently obtained surveillance of Plaintiff and is in possession of both video and still photographs from that undertaking.

5. It is the Defendant's position that these materials should be protected from production by the attorney work-product doctrine. *Meadows v. Uniglobe Courier Service Inc.*, No. 5:08CV2530, 2009 WL 10719820 (N.D. Ohio July 29, 2009) (holding that surveillance conducted in anticipation of litigation constitutes work product under Federal Rule of Civil Procedure 26).

6. Whether or not such materials will be used at Trial will depend upon whether Plaintiff gives testimony that is contrary to this evidence, in which case it may be used for impeachment purposes.

7. Plaintiff has been made aware of the existence of this evidence by means of Defendant's Amended Response to Plaintiff's First Request to Produce Documents and, therefore, there is no risk that Plaintiff be unfairly surprised by the evidence.

8. Because the Plaintiff is aware of the existence of this evidence, this matter is distinguishable from the facts in *West v. Lake State Railway Co.*, 321 F.R.D. 566 (E.D. Mich. 2017); *see also Al-Janabi v. State Farm Mutual Auto Ins. Co.*, No. 268978, 2007 WL 2141412 (Mich. Ct. App. July 26, 2007) (holding that where a party is aware of the existence of surveillance tapes that party cannot be unfairly surprised by witnesses giving testimony regarding the evidence).

9. In addition, because the surveillance evidence depicts the Plaintiff himself engaged in various activities, the evidence cannot create a trial by surprise. "Even where plaintiff's attorney may be surprised by [such] evidence, plaintiff [is] necessarily aware of his own actions and capabilities." *Beard v. Horton*, 2010 WL 4365883, *5 (Mich. Ct. App. Nov. 4, 2010) (**Exhibit A**).

10. Given that the surveillance evidence is work product and that Plaintiff has been apprised of its existence, Defendant seeks a pre-emptive ruling from this Honorable Court that Defendant be allowed to use surveillance evidence at Trial for impeachment purposes, without having to produce such evidence to Plaintiff.

11. Pursuant to Local Rule 7.1, Counsel for Defendant certifies that, on November 17, 2021, she explained the nature of this motion and its legal basis and requested the concurrence of Plaintiff's Counsel regarding the relief sought herein. There was no response.

WHEREFORE, Defendant THE VILLAGE OF MILFORD respectfully request that this Honorable Court enter an Order granting its Motion in Limine to Allow Defendant to Use Surveillance Evidence for Impeachment Purposes without Having to Produce Such Evidence to Plaintiff in Advance of Trial.

Respectfully submitted,

**KERR, RUSSELL AND WEBER, PLC**

By: */s/Lauri B. Stewart*
Lauri B. Stewart (P55014)
Attorney for Defendant
500 Woodward Avenue, Suite 2500
Detroit, MI  48226-3427
(313) 961-0200; FAX (313) 961-0388
Dated:  November 18, 2021           lstewart@kerr-russell.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN MICHIGAN

CORY LEMARBE,

    Plaintiff,

vs.

VILLAGE OF MILFORD,

    Defendant.

Case No.: 2:19-cv-12992
Hon. David M. Lawson
Mag. Judge Anthony P. Patti

| Scott P. Batey (P54711) | Lauri B. Stewart (P55014) |
|---|---|
| Batey Law Firm, PLLC | Kerr, Russell and Weber, PLC |
| Attorneys for Plaintiff | 500 Woodward, Suite 2500 |
| 30200 Telegraph, Suite 400 | Detroit, MI 48226 |
| Bingham Farms, MI 48025 | (313) 961-0200 |
| (248) 540-6800/(248) 540-6814 (fax) | lstewart@kerr-russell.com |
| sbatey@bateylaw.com | Attorneys for Defendant |
| rfowler@bateylaw.com | |
| Attorneys for Plaintiff | |

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO ALLOW DEFENDANT TO USE SURVEILLANCE EVIDENCE FOR IMPEACHMENT PURPOSES

**Background**

On October 10, 2019, Plaintiff filed his Complaint in the United States District Court Eastern District of Michigan Southern Division. (**Complaint, ECF No. 1, Page ID 1**). Plaintiff claims that Defendant violated the Americans with Disabilities Act of 1990 ("ADA") and the Michigan Persons with Disabilities Civil Rights Act

{39016/21/D1663444.DOCX;1}

("PWDCRA") in various ways. (**Complaint, ECF No. 1, Page ID 1**). Trial in this matter is scheduled to begin June 7, 2022.

This Motion seeks a pre-emptive ruling to allow Defendant to use surveillance evidence for impeachment purposes without having to produce such evidence to Plaintiff in advance of trial.

**Law and Argument**

Motions in limine allow a court to rule on evidentiary issues in advance of trial to avoid delay and ensure an even-handed and expeditious trial by allowing the jury to focus on the relevant issues. *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir.1999) (holding federal rules of evidence, civil procedure and criminal procedure and interpretive rulings of the Supreme Court all encourage parties to use pretrial procedures, such as motions in limine, to narrow the issues and minimize disruptions at trial). Motions in limine further serve the important gatekeeping function of allowing a trial judge to eliminate from consideration evidence that should not be presented to the jury because it would not be admissible for any purpose. *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir.1997).

In *Beard v. Horton*, No. 290153, 2010 WL 4365883 (Mich. Ct. App. Nov. 4, 2010), the defendant engaged a private investigator to film and photograph the plaintiff engaged in various physical activities that were allegedly inconsistent with

the plaintiff's testimony concerning the extent of his hand disability. Plaintiff opposed the introduction of the surveillance materials on the grounds that Defendant's discovery responses on this issue were insufficient. The Court of Appeals disagreed holding that the responses were sufficient to provide notice to plaintiff that an investigation may have occurred. *Beard* at *5. Plaintiff also argued that the defendant's failure to disclose the surveillance evidence prior to trial resulted in the proceedings constituting a trial by surprise. The court also rejected this claim on the grounds that Plaintiff could not be surprised by evidence of him engaging in certain activities when he knew that he had engaged in them. "Even where plaintiff's attorney may have been surprised by this evidence, plaintiff was necessarily aware of his own actions and capabilities." *Beard* at *5. **(see Exhibit A**)

Similarly, in *Al-Janabi v. State Farm Mutual Auto Ins. Co.*, No. 268978, 2007 WL 2141412 (Mich. Ct. App. July 26, 2007) (**Exhibit B**), the Court of Appeals held that where the plaintiff was aware of the existence of surveillance tapes prior to trial, and was apprised of what the tapes revealed, the plaintiff could not be unfairly surprised by testimony regarding the tapes. Michigan courts have, admittedly, reached different conclusions when defendants willfully deny the existence of such evidence and withhold it from plaintiffs. *See Laukkanen v. Jason*, No. 274998, 2008 WL 183312 (Mich. Ct. App. Jan. 22, 2008). However, that is not the case here.

Shortly after the surveillance was complete, Defendant amended prior discovery responses to indicate the existence of surveillance evidence. (**Exhibit C**). This amended response provides more specific notice than that provided in *Beard*. Thus, there is no risk that Plaintiff be unfairly surprised by the existence of the evidence. Additionally, because the surveillance evidence depicts the Plaintiff himself engaged in various activities of which he could not reasonably deny knowledge, the footage itself cannot create a trial by surprise.

Defendant is mindful of the *West v. Lake State Railway Co.*, 321 F.R.D. 566, 571 (E.D. Mich. 2017) out of the Northern Division. In that case, the court granted Plaintiff's Motion to Compel the Surveillance given Defendant's "flagrant non-compliance" with the court rules. The court also held that the claim that the attorney work product privilege applied to the surveillance had not only been waived, but also that it could be overcome by a showing of "substantial need". The court recognized that, at that time, there was "no 6th Circuit case applying the 26(b)(3) standards with respect to surveillance videos", *Id, 571*. The court reached this conclusion by relying only on district court opinions from adjacent jurisdictions, none of which are binding precedent, just as *West* is not. Moreover, a deeper dive into the "substantial need" threshold to overcome the work product privilege reveals the erroneous nature of this conclusion. It is axiomatic that Plaintiff could not have a "substantial need" for evidence depicting his capabilities when he already has, or

should have, an intimate familiarity with what he is and is not capable of doing. Moreover, there can be no "undue hardship" without the evidence given Plaintiff's presumed knowledge of all activities in which he has been able to engage. Finally, requiring Defendant to reveal to evidence would be to provide Plaintiff with improper and unfair insight into the metal processes of counsel relating to defense strategy at Trial.

It is Defendant's position that the weight of Michigan case law favors the relief requested. Defendant has properly apprised Plaintiff of the surveillance evidence. Furthermore, Plaintiff cannot be surprised by such evidence because the surveillance materials depict Plaintiff himself engaged in various activities. As it relates to local federal authority on this issue, it is Defendant's position that the facts in *West* are distinguishable from the present matter, as set forth above.

**WHEREFORE**, Defendant respectfully requests that this Honorable Court grant the present Motion and enter an Order Allow Defendant to Use Surveillance

Evidence for Impeachment Purposes without Having to Produce Such Evidence to Plaintiff in Advance of Trial.

                                            Respectfully submitted,

                                            **KERR, RUSSELL AND WEBER, PLC**

                                            By: */s/Lauri B. Stewart*
                                            Lauri B. Stewart (P55014)
                                            Attorney for Defendant
                                            500 Woodward Avenue, Suite 2500
                                            Detroit, MI  48226-3427
                                            (313) 961-0200; FAX (313) 961-0388
Dated:  November 18, 2021          lstewart@kerr-russell.com

## CERTIFICATE OF SERVICE

      I hereby certify that on November 18, 2021, I caused to be electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all filing users indicated on the Electronic Notice List through the Court's electronic filing system.

                                            By:  /s/Lauri B. Stewart
                                            Lauri B. Stewart (P55014)